# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PINE TREE HOMES, INC.,

    Plaintiff,

    v.

GEORGE G. STODDARD, CATHERINE R. STODDARD, INTERNAL REVENUE SERVICE, PENNSYLVANIA DEPARTMENT OF REVENUE, PIETER J. DeJONG, FIRST EASTERN BANK, N.A., and AMERICAN BUSINESS CREDIT, INC.,

    Defendants,

CIVIL ACTION NO. 3:09-CV-915

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Currently before the Court is Plaintiff's Motion to Remand (Doc. 5). Plaintiff argues that this case should be remanded to state court because the removal was not timely filed and that the Internal Revenue Service's ("IRS") election not to remove a prior quiet title action between the IRS and the Plaintiff precludes the IRS from removing the instant matter to federal court.

Plaintiff brought an action in Pennsylvania State Court to quiet title to a parcel of real estate it owned against various defendants, including the IRS. The United States has waived its sovereign immunity and can be sued in Federal or State Court in limited cases under 28 U.S.C. §2410(a), including suits to quiet title. Any action brought under §2410 in a state court can be removed to federal court, pursuant to 28 U.S.C. §1444. The timing for filing for removal is governed by 28 U.S.C. § 1446(b) which states that:

"[t]he notice of removal of a civil action or proceeding shall be filed

within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The Supreme Court clearly held in *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.* that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48. *Murphy* makes it clear that proper formal service is a necessary prerequisite that must be satisfied before the clock starts running on removal. 28 U.S.C. §2410(b) lays out the proper procedure for serving the United States for quiet title actions in state courts. It states in relevant part:

> In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia.

28 U.S.C. 2410(b).

Moreover, in cases such as these, the IRS lacks the capacity to be sued and the United States is the proper party in a suit to quiet tile under § 2410. *See Labry v. I.R.S.*, 940 F. Supp. 148, 149 (E.D. La. 1996) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)); *see also DeVries v. I.R.S.*, 359 F. Supp. 2d 988, 991 (E.D. Ca. 2005) (holding "[f]ederal agencies may not be sued in their own name except to the extent Congress may specifically allow such

2

suits.") The Statute that waives sovereign immunity for suits to quiet title only allows the United States to be sued, not federal agencies.

This Court will not reach the issue of dismissal at this stage, but only answer the narrow question regarding whether removal notice was timely filed. In the instant case, service was only effected on the IRS, not the United States Attorney or the Attorney General as required by the statute. As per *Murphy*, the clock for determining the timeliness of the removal request was never triggered because there was never a proper service of process on the United States or any other governmental entity. The IRS lacked the capacity to be sued. Thus the clock for removal could not begin to run when the IRS was served, regardless of whether such service was proper. Service was never properly effected against the government because Plaintiff failed to properly serve the United States as described under § 2410(b). The Plaintiff would have had to properly serve the United States, as allowed under § 2410(b) for thirty day window to become an issue. Because the IRS lacked the capacity to be sued in this action, the government's clock for removal could not be triggered, and the removal notice was timely filed.

Plaintiff's second argument is also without merit. Plaintiff argues that the failure of the IRS to remove in a prior action started by the Plaintiff, but later terminated by Plaintiff, should preclude the IRS from removing now. The Plaintiff cites no authority to support this contention that strategic procedural decisions by a defendant in a prior action should bar that same defendant from removal in a subsequent case. Therefore, Plaintiff has failed to show that the removal petition was untimely filed or that defendant should be precluded from removing the instant case. Thus, Plaintiff's motion to remand will be denied.

**NOW**, this   9th   day of November, 2009, **IT IS HEREBY ORDERED** THAT Plaintiff's Motion to Remand is **DENIED**.

                                                                  /s/ A. Richard Caputo
                                                                   A. Richard Caputo
                                                                   United States District Judge